IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **RASHID BRADLEY** | : | **NO. 09-246** |

## MEMORANDUM

**Savage, J.**                                                                                                                          **May 2, 2024**

Having served two years and three months of his three-year term of supervised release, Rashid Bradley moves, *pro se,* for early termination.[1] To demonstrate rehabilitation, he cites his abstention from drug use and gainful employment. He adds that he is building relationships with his children and grandchildren.

The government opposes his request. It argues that Bradley's supervision remains necessary to assure his rehabilitation and compliance with the law.[2]

### Background

On April 8, 2010, a jury convicted Bradley of the charge of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[3] He was sentenced to the mandatory minimum of 15 years imprisonment followed by three years of supervised release.[4]

Bradley's term of supervised release began on January 13, 2022. It is set to expire on January 12, 2025.

---

[1] Mot. for Early Termination of Supervised Release After Completion of One-Year of Supervision Pursuant to 18 U.S.C. § 3583(e)(1), ECF No. 89 ["Mot. for Early Termination"].

[2] Gov.t's Opp'n to Def.'s Mot. For Early Termination of Supervised Release at 8, ECF No. 92 ["Resp."].

[3] Jury Verdict Sheet, ECF No. 56.

[4] Judgment, ECF No. 62.

**Motion for Early Termination**

Bradley argues that he has shown exemplary post-conviction adjustment on supervision because he has fully complied with the terms of supervision and has abstained from drug use.[5] He highlights that as of October 10, 2023, he started working for the Philadelphia Water Department.[6] Prior to that, he worked as a personal fitness trainer and hotel laundry attendant.[7]

Bradley also spends time with his family, including his five adult and teenage children, and his grandchildren. He has shared that his oldest grandson died from a diabetic attack at eleven years old.[8]

**Analysis**

Although we commend Bradley for obtaining a job at the Philadelphia Water Department, abstaining from drug use, and consistently complying with the terms of supervision, we conclude that he has not demonstrated that immediate termination of his supervision is justified or that the interests of justice warrant it. He is on the way to rehabilitation. Far from his past engagement in drug related crimes, Bradley is "try[ing] to live a productive lifestyle by holding steady employment while supporting his family."[9] Because of his rehabilitation efforts, probation has categorized him as "low risk" for reoffending.

---

[5] Mot. for Early Termination ¶ 1.

[6] *Id.* ¶ 6.

[7] *Id.*

[8] *Id.* ¶ 5.

[9] *Id.* ¶ 1.

We are not required to make specific findings of fact for each statutory factor under 18 U.S.C. § 3583(e)(1). *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020). We need only articulate that we have considered the relevant factors under 18 U.S.C. § 3553(a), the defendant's conduct, and the interests of justice in rendering a decision. *See id*. at 53.

Having done so, we conclude that at this time, Bradley's early termination of supervised release is unwarranted. Therefore, we shall deny his motion for early termination without prejudice.